Eastern Dist.
Feb'ary 1828.

---

## LEGENDRE vs. McDONOUGH.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff, complaining that the defendant, curator of the estate of Thomas Durnford, had taken out an execution on a judgment obtained by Durnford in his life time against her, in the court of the parish of East Baton Rouge, in 1813, obtained an injunction on the ground that the judgment was null and void, as it contained none of the reasons on which it was given, and that the judgment, if valid, had not been declared executory in favor of the curator.

The district court gave judgment on the first ground, and made the injunction perpetual—and the defendant appealed.

His counsel urges in this court, that the original judgment was rendered in East Baton Rouge, on the 21st of January, 1813, and that, at that time, the constitution was not extended to that part of the state.

This is an error. The act of the legislature,

The constitution extended to East. Baton Rouge in the year 1813.

A judgment without reason is not void, but voidable.

which accepts the accession of territory prof-fered by congress to the state, was approved on the 4th of August, 1812, consequently, on its promulgation, the state constitution was extended to the part annexed.

There was once a difference of opinion among the members of this tribunal, one of them holding, that judgments which contain no reasons are absolutely void. It is now settled that they are not so; and that the nullity must be pronounced on an appeal, or by judgment in the court which rendered the judgment.

When a defendant dies, a judgment rendered against him must be declared executory against his heirs or representatives, because property which has ceased to be his cannot be affected by a judgment to which the new owners are not made parties; but on the death of the plaintiff, nothing prevents his heir or representative from taking out execution.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided, and reversed; and that the injunction be dissolved, and the plaintiff pay the costs in both courts.

*Denis* for the defendant.